COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Bumgardner and Senior Judge Hodges
Argued at Chesapeake, Virginia


JERRY GILBERT DODSON
                                    MEMORANDUM OPINION* BY
v.    Record No. 2516-00-1      JUDGE RUDOLPH BUMGARDNER, III
                                         APRIL 17, 2001
NEWPORT NEWS SHIPBUILDING & DRY DOCK


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Matthew W. Smith (Richard B. Donaldson, Jr.;
            Jones, Blechman, Woltz & Kelly, P.C., on
            brief), for appellant.

            Benjamin M. Mason (Mason, Cowardin & Mason,
            P.C., on brief), for appellee.


     This is the second appeal of this case.  Jerry G. Dodson

was injured in 1993 and received permanent partial disability

benefits under the Longshore and Harbor Workers' Compensation

Act.  He also received partial disability benefits under the

Workers' Compensation Act.  Consequently, the employer paid

$22,500.56 more under the federal act than the state act

required.  The commission allowed a credit for the overpayment,

which the employer asserted by delaying payment of state

benefits until the credit was exhausted.  The employer made no

payments until May 2, 1998, when its 56.5 weeks of credit

expired.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

The employee sought imposition of a penalty for violating Code § 65.2-524.[1] The commission refused to impose a penalty, and the employee appealed. In an unpublished opinion, Dodson v. Newport News Shipbuilding & Dry Dock Co., Record No. 0278-99-1 (Va. Ct. App. August 10, 1999), we reversed the commission. The employer improperly took its credit by not making payments within two weeks of their becoming due. We remanded for determination of the penalty provided by Code § 65.2-524.

On remand, the commission assessed the 20% penalty as $4,505.80. The employee then requested the commission to issue a show cause against the employer asserting it should pay compensation for the period encompassed by the penalty. He requested additional penalties for that failure to pay compensation. The commission denied the request for further compensation and ruled the employee was only entitled to the

---

[1] Code § 65.2-524. Failure to pay compensation within two weeks after it becomes due. -- If any payment is not paid within two weeks after it becomes due, there shall be added to such unpaid compensation an amount equal to twenty percent thereof, unless the Commission finds that any required payment has been made as promptly as practicable and (i) there is good cause outside the control of the employer for the delay or (ii) in the case of a self-insured employer, the employer has issued the required payment to the employee as a part of the next regular payroll after the payment becomes due. No such penalty shall be added, however, to any payment made within two weeks after the expiration of (i) the period in which Commission review may be requested pursuant to § 65.2-705 or (ii) the period in which a notice of appeal may be filed pursuant to § 65.2-706. No penalty shall be assessed against the Commonwealth when the Commonwealth has issued a regular payroll check to the employee in lieu of compensation covering the period of disability.

-

penalty on remand.  The employee brought this appeal.  He contends an award of benefits was implicit in the order to pay the penalty and failure to pay compensation caused the employer to incur further penalties.

The issue before this Court on the first appeal was whether "the commission erred in finding that Newport News Shipbuilding and Dry Dock Company (employer) properly took credit for payments it made under the Longshore and Harborworkers' Compensation Act (LHWCA) against its liability under the Virginia Workers' Compensation Act (Act)."  Id. at 1.  The Court agreed with the employee's assertion that the commission erred and reversed its decision.  "For these reasons, we hold that the commission erred in holding that the employer properly applied its credit pursuant to Code § 65.2-520."  Id. at 7.  The Court remanded "for determination of the penalty under Code § 65.2-524."  Id.

The issue on the first appeal dealt with the employee's entitlement to a penalty.  The decision addressed only that issue, and nothing in the opinion or the remand suggests it authorized any other claim for compensation.  The commission assessed the penalty as directed, and the employer paid it.  The commission correctly interpreted the remand in its refusal to grant additional relief.

Affirmed.

-